Ivory JOHNSON *v.* STATE of Arkansas

CR 99-1160                                    45 S.W.3d 844

Supreme Court of Arkansas
Opinion delivered June 21, 2001

William A. McLean, for appellant.

Mark Pryor, Att'y Gen., by: Darnisa Evans Johnson, Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant, Ivory Johnson, pled guilty to nine counts of aggravated robbery and nine counts of theft of property. He was sentenced to a total of forty years in the Arkansas Department of Correction. Appellant subsequently filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37 alleging ineffective assistance of counsel. After a hearing, the trial court entered its order denying appellant's petition. This appeal followed.

Appellant's counsel has submitted a brief on appellant's behalf that incorrectly states that jurisdiction of this appeal lies in the court of appeals. Not only has counsel failed to correctly set forth the jurisdiction of this appeal, counsel has also misled this court with the structure of his brief that this appeal challenges the trial court's decision. Under the "Point on Appeal" heading, counsel argues that the trial court erred in ruling that appellant did not receive effective assistance of counsel and under the "Conclusion" section of his argument, counsel argues that the circuit court should be reversed and the case remanded for a new trial. However, within the actual argument presented to this court, counsel concedes that this appeal is without merit. We find counsel's argument confusing and because of the structure of his argument there has resulted an unnecessary delay in the disposition of this appeal.

Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel, whether retained or court-appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Counsel filed a notice of appeal from the denial of appellant's petition and was thus obligated to represent appellant until such time as he was permitted by the appellate court to withdraw pursuant to Ark. Sup. Ct. R. 4-3(j)(1). Under Rule 4-3(j)(1), a court-appointed attorney who wishes to withdraw from an appeal must abstract and brief all of the rulings that were adverse to his client. Although such a "no-merit" brief is typically filed in a direct appeal from a judgment, we have also allowed the filing of

no-merit briefs in postconviction appeals. *See Riley v. State*, 298 Ark. 292, 766 S.W.2d 921 (1989).

If it was counsel's intention to withdraw, he should have filed a brief and a motion to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967) and our Rule 4-3(j)(1), stating there is no merit to the appeal. In turn, we would have informed appellant in accordance with Rule 4-3(j) that he was entitled to file within thirty days a *pro se* brief advancing any points for reversal he desired to raise on appeal.

Because counsel has failed to follow the above rules, the disposition of appellant's appeal has been unduly delayed. We direct counsel to either file a motion to withdraw with an accompanying brief pursuant to Rule 4-3(j)(1) or rebrief the issues in this appeal and argue the merits. Counsel has thirty days from this decision to file the appropriate documents.

Rebriefing ordered.