Calvin Lashawn CAMPBELL *v.* STATE of Arkansas

CA CR 01-29                                    47 S.W.3d 915

Court of Appeals of Arkansas
Division IV
Opinion delivered June 27, 2001

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

No response.

JOHN F. STROUD, JR., Chief Judge. Calvin Campbell was convicted by a Pulaski County jury of residential burglary and battery in the first degree with regard to an incident that occurred on December 10, 1998; he was also charged with the rape of a nine-month-pregnant woman in connection with that incident, but the jury deadlocked on that charge, forcing the trial judge to declare a mistrial. In the second trial on the charge of rape, Campbell was convicted by a jury and sentenced to forty years in the Arkansas Department of Correction.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Arkansas Rules of the Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is without merit. Counsel's motion was accompanied by a brief purportedly referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to appellant made by the trial court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished appellant with a copy of his counsel's brief and notified him of his right to file *pro se* points; appellant has not filed any points. For the reason explained below, we must return this case to appellant's counsel to supplement the record.

In the notice of appeal, counsel for appellant designated "the entire record, including any audio or visual recordings, but excluding voir dire and opening and closing arguments, except for objections during same, as [the] record of appeal in this case." Rule 4-3(j)(1) of the Rules of the Supreme Court provides:

> Any motion by counsel for a defendant in a criminal or a juvenile delinquency case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon

the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract section of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the trial court.

■ Although this rule does not specifically require that the entire record be provided on appeal, we must also look to *Anders, supra,* for guidance. In that case, our United States Supreme Court held:

[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; *the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.* If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744. (Emphasis added.)

■ In *Smith v. Robbins,* 528 U.S. 259 (2000), the Supreme Court's most recent discussion regarding the procedures for withdrawing from a case that has no meritorious points to be raised on appeal, the Court held that the *Anders* framework is only one method of ensuring that indigents are afforded their Constitutional rights, and the states may craft procedures that are superior to, or at least as good as, the procedure outlined in *Anders.* 528 U.S. at 276. However, the Supreme Court, in discussing the various approved approaches to requests for withdrawing from appeals having no merit, appears to say that all of the methods require that both the attorney and the appellate court review the entire record as a component of affording the criminal defendant his Constitutional rights. *See, e.g., McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429 (1988) (holding that the appellate court must satisfy itself that the attorney has provided the client with a diligent and thorough search

of the record for any arguable claim that might support the client's appeal and has correctly concluded that the appeal is frivolous).

■ We are unable to conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous" as required by *Anders* without the complete record before us on appeal. Consequently, we return this case to appellant's counsel to supplement the record on appeal to include the portions of the record originally omitted and, if necessary, to file a substitute brief that addresses any objections contained in those parts of the record.

Remanded to supplement record.

PITTMAN and JENNINGS, JJ., agree.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

CA CR 01-29                                         ___ S.W.3d ___

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered August 29, 2001

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender.

*Mark Pryor*, Att'y Gen., by: *Lauren Heil*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. Calvin Campbell was convicted by a Pulaski County jury of the rape of a nine-

month-pregnant woman and sentenced to forty years in the Arkansas Department of Correction. This case was filed with this court pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Arkansas Rules of the Supreme Court and Court of Appeals, and appellant's counsel asked to be allowed to withdraw from the case on the ground that there was no merit to an appeal. On June 27, 2001, without determining whether or not there were meritorious issues for appeal, we remanded this case to supplement the record with the portions originally omitted by direction of appellant's counsel in the notice of appeal. Appellant's counsel filed a petition for rehearing and subsequently filed a motion to amend the petition for rehearing on the basis of changed circumstances. We deny the petition for rehearing.

In the petition for rehearing, appellant's counsel argues that our order of remand to supplement the record to include all portions of the record is based upon an erroneous interpretation of the law and the Rules of the Arkansas Supreme Court and Court of Appeals; that this court added a condition to *Anders* that is not required by that case or our state rules; and that inclusion in the record of portions of the trial omitted because no objections were raised would serve no practical purpose because reversal would be precluded by the failure to make an objection. Counsel also contends that other cases before the appellate courts in which *Anders* briefs were filed and decisions were issued excluded voir dire and opening and closing statements except for adverse objections made during those portions of the trial; that the record on appeal is that which is abstracted and that all matters not essential to the decision of the questions presented by appeal are to be omitted from the record; and that by requiring the entire record, this court is essentially adopting a "plain error" rule, which is not recognized in Arkansas, with limited exception. Additionally, the Attorney General filed a response to the original petition agreeing with appellant's position that requiring transcriptions of portions of the trial where there were no adverse rulings would serve no "practical purpose," would result in more costly appeals, and may cause public money to be spent unnecessarily.

■ Counsel for appellant contends that the record on appeal is that which is abstracted, *see Rabb v. State*, 72 Ark. App. 396, 39 S.W.3d 11 (2001), and that all matters not essential to the decision of the questions presented by appeal are to be omitted from the record. *See* Ark. R. App. P.—Civ. 6(c). It is true that these directives are applicable to appeals made based on the merits of the case. However, these rules are not applicable in *Anders* briefs, where the attorney contends that in spite of the appeal taken because his clients insists, there is no merit to the appeal and it is "wholly frivolous," that the attorney should be discharged, and that should

be the end of the pursuit of the appellant's rights unless he wants to file points on appeal *pro se*. This court has an entirely different obligation in a no-merit appeal. Instead of reviewing only the parts of the record that the lawyer puts before us, in a no-merit appeal we are bound to perform a full examination of all the proceedings to decide if the case is "wholly frivolous."

Rule 4-3(j)(1) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas governs the procedure for filing no-merit appeals, and that rule provides, in pertinent part:

> A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of *all rulings adverse to the defendant made by the trial court on all objections, motions and requests made by either party* with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract section of the brief shall contain, in addition to the other material parts of the record, *all rulings adverse to the defendant* made by the trial court.

(Emphasis added.)

██ However, this rule is not the only framework we must follow in reviewing no-merit appeals; we are also bound by the United States Supreme Court case law of *Anders, supra,* and its progeny. This is made clear by our supreme court in *Buckley v. State,* 345 Ark. 570, 48 S.W.3d 534 (2001), in which it stated, "If appellant's counsel intended to withdraw, he should have filed a brief and a motion to be relieved as counsel, pursuant to *Anders v. California,* 386 U.S. 738 (1967) and our Rules 4-3(j)(1), stating that there is no merit to the appeal." 345 Ark. at 571, ___ S.W.3d at ___. *See also Johnson v. State,* 345 Ark. 357, 45 S.W.3d 844 (2001). Therefore, although Rule 4-3(j) does not specifically require that the entire record be provided on appeal, we must also look to *Anders, supra,* and the subsequent case law for guidance.

In *Anders,* our United States Supreme Court held:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; *the court, not counsel, then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.* If it so finds it may grant counsel's request to withdraw and dismiss

the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

386 U.S. at 744. (Emphasis added.)

Counsel for appellant argues that requiring portions of the proceedings where no objections were made to be included in the record would serve no purpose because any such error would not be a basis for reversal if no objection was made. It is alleged that the practical effect of our ruling is to adopt the "plain error" rule in *Anders* briefs. This is incorrect.

We acknowledge that cases in which *Anders* briefs have been filed using the notice of appeal that designates less than the entire record on appeal have been previously decided by this court. However, the instant case is perfectly illustrative of the reason we must have the entire record before us to determine if indeed there are no meritorious issues and that the appeal would be "wholly frivolous." In the motion to amend petition for rehearing on the basis of changed circumstances, appellant's counsel states:

> In order to avoid delay in the resolution of the case, in the event the Court denied the petition for rehearing and the supreme court denied relief, counsel asked the court reporter to prepare the missing portion of the record as soon as possible so that it could be filed expeditiously. Counsel received the supplement to the record from the circuit clerk on July 19, 2001.

> Upon reviewing the supplement [of the previously omitted portions of the record], counsel has discovered that, despite Appellant's specific instruction in the notice of appeal that the record include all portions of the voir dire in which objections were raised, *the court reporter failed to include in the original record an objection that was decided adversely to Appellant during voir dire.* Consequently, counsel is prepared to file the supplement and a substituted brief to address this adverse ruling in the *Anders* brief, in accordance with this Court's directive.

(Emphasis added.)

██ Nevertheless, counsel still contends that the grounds asserted in her petition for rehearing are meritorious because our order constitutes unauthorized rulemaking. This argument has no merit. Clearly, as pointed out above, our supreme court demands

that we look at *Anders* and our Rule 4-3(j) together when reviewing no-merit appeals, and *Anders* likewise directs that the court determine whether a case is wholly frivolous after a "full examination of all the proceedings." 386 U.S. at 744.

Although not the basis for our remand, we must also note that the notice of appeal in the instant case does not even comply with our Rule 4-3(j)(1). The notice of appeal directs the court reporter to exclude "voir dire and opening and closing arguments, except for objections during same," while the rule is not limited solely to "objections." The rule directs that the abstract shall contain "all rulings adverse to the defendant." The prior sentence makes clear that this includes not only objections but also motions and requests.

In the present case, the omission of this adverse ruling against appellant during voir dire, discovered only after appellant's counsel was ordered by this court to obtain the entire record of the proceedings in appellant's case, is the perfect example of why the entire record is required to be presented to the court for review with *Anders* briefs. *Anders* requires that the appellate courts make a full examination of *all* proceedings in order to make a determination of whether the case is wholly frivolous. This directive ensures that there are indeed no issues that would support an appeal on the merits of the case before allowing an attorney to withdraw from representation of a criminal defendant. This crucial obligation can neither be delegated to the attorneys, nor can it be left to court reporters to determine whether an objection, motion, or request was decided adversely to the defendant. As to the position stated by the Attorney General, if compliance with the law as established by the United States Supreme Court to protect the rights of indigent defendants in criminal proceedings requires the expenditure of more public funds to provide a full record to this court, then so be it. For these reasons, the motion for rehearing is denied.

Motion for rehearing is denied.

HART, JENNINGS, NEAL, and VAUGHT, JJ., agree.

PITTMAN, J., concurs.

JOHN MAUZY PITTMAN, Judge, concurring. I concur in the decision to deny the petition for rehearing. However, I wish to respond to counsel's argument that our decision to require that entire records be filed in no-merit criminal appeals does violence to this state's contemporaneous-objection rule.

Appellant's counsel filed a notice of appeal that provided, in pertinent part, that the record on appeal should exclude voir dire,

opening statements, and closing arguments except for objections made during those portions of the trial. Counsel argues that this designation of the record for appeal was sufficient to ensure that all rulings adverse to her client were brought before this court for consideration. She argues that the court reporter has, in effect, certified that all objections were transcribed. She contends that this court's only interest in the untranscribed portions of the record would be to search for errors that may have occurred at trial but to which no objections were interposed, and that no purpose could be served by inspection of those parts of the record because the appellate courts in this state act under a contemporaneous-objection rule that, ordinarily, proscribes consideration of matters not raised at trial. Therefore, counsel concludes, our decision has the effect of ignoring or undermining the holding in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), and could only be interpreted as the adoption of some form of a plain-error rule. Counsel is mistaken.

Counsel has missed the most obvious reason for our decision. As explained in our original opinion in this case, the Supreme Court's decisions in *Anders v. California*, 386 U.S. 738 (1967), and its progeny require that the attorneys complete certain duties before submitting a "no-merit" case, and then that *the court, not counsel*, fully examine all of the proceedings to decide whether an appeal would be, in fact, wholly frivolous. The mere assertion by counsel that the appeal is without merit is insufficient. *Bigham v. State*, 36 Ark. App. 22, 820 S.W.2d 462 (1991). When our courts discover that an attorney has failed to abstract and brief all adverse rulings, we order that the case be rebriefed in accordance with Sup. Ct. R. 4-3(j). *See, e.g., Skiver v. State*, 326 Ark. 914, 915-16, 935 S.W.2d 248, 249-50 (1996) (the record contained twelve adverse rulings but only eight were abstracted, and even fewer were discussed); *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001) (sixteen adverse rulings were made at trial but only twelve were abstracted and discussed).[1] How does the court know in such cases that adverse rulings have not been abstracted? The answer is simple: *we examine the record to make certain that counsel has detected and dealt with all such rulings.*[2]

---

[1] Such mistakes by attorneys are not at all uncommon. This court has disposed of a number of similar cases in precisely the same way; however, the vast majority of them have resulted in unpublished opinions.

[2] Contrary to counsel's argument, a no-merit case is a distinctly different animal than a case that is presented in an adversarial fashion; the rule that the record on appeal is limited to that which is abstracted simply does not apply in no-merit cases.

Inasmuch as attorneys sometimes overlook objections, whether through a lack of understanding or simple inadvertence, why would we think that court reporters might not sometimes do the same? If we cannot delegate our duties in this regard to the attorneys in a case, how can we delegate them to court reporters, who are not law-trained? We need the complete record that was made below to look for adversely decided objections, motions, and requests that counsel (and in this case, the court reporter) may have overlooked, not to look for plain error.