47 S.W.3d 915 (2001)
74 Ark.App. 277
Calvin Lashawn CAMPBELL
v.
STATE of Arkansas.
No. CA CR 01-29.
Court of Appeals of Arkansas, Division IV.
June 27, 2001.
*916 William R. Simpson, Jr., Public Defender, by Deborah R. Sallings, Deputy Public Defender, Little Rock, for appellant.
No response.
JOHN F. STROUD, JR., Chief Judge.
Calvin Campbell was convicted by a Pulaski County jury of residential burglary and battery in the first degree with regard to an incident that occurred on December 10, 1998; he was also charged with the rape of a nine-month-pregnant woman in connection with that incident, but the jury deadlocked on that charge, forcing the trial judge to declare a mistrial. In the second trial on the charge of rape, Campbell was convicted by a jury and sentenced to forty years in the Arkansas Department of Correction.
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(j) of the Arkansas Rules of the Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is without merit. Counsel's motion was accompanied by a brief purportedly referring to everything in the record that might arguably support an appeal, including a list of all rulings adverse to appellant made by the trial court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The clerk of this court furnished appellant with a copy of his counsel's brief and notified him of his right to file pro se points; appellant has not filed any points. For the reason explained below, we must return this case to appellant's counsel to supplement the record.
In the notice of appeal, counsel for appellant designated "the entire record, including any audio or visual recordings, but excluding voir dire and opening and closing arguments, except for objections during same, as [the] record of appeal in this case." Rule 4-3(j)(1) of the Rules of the Supreme Court provides:
Any motion by counsel for a defendant in a criminal or a juvenile delinquency case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, *917 motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract section of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the trial court.
Although this rule does not specifically require that the entire record be provided on appeal, we must also look to Anders, supra, for guidance. In that case, our United States Supreme Court held:
[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. 386 U.S. at 744, 87 S.Ct. 1396. (Emphasis added.)
In Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), the Supreme Court's most recent discussion regarding the procedures for withdrawing from a case that has no meritorious points to be raised on appeal, the Court held that the Anders framework is only one method of ensuring that indigents are afforded their Constitutional rights, and the states may craft procedures that are superior to, or at least as good as, the procedure outlined in Anders. 528 U.S. at 276, 120 S.Ct. 746. However, the Supreme Court, in discussing the various approved approaches to requests for withdrawing from appeals having no merit, appears to say that all of the methods require that both the attorney and the appellate court review the entire record as a component of affording the criminal defendant his Constitutional rights. See, e.g., McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) (holding that the appellate court must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal and has correctly concluded that the appeal is frivolous).
We are unable to conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous" as required by Anders without the complete record before us on appeal. Consequently, we return this case to appellant's counsel to supplement the record on appeal to include the portions of the record originally omitted and, if necessary, to file a substitute brief that addresses any objections contained in those parts of the record.
Remanded to supplement record. PITTMAN and JENNINGS, JJ., agree.