



# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–12–324

| | |
|---|---|
| | **Opinion Delivered** September 11, 2013 |
| LAWRENCE SCHMITT | APPEAL FROM THE BENTON |
| APPELLANT | COUNTY CIRCUIT COURT [NO. CR-10-0783-1] |
| V. | |
| | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | REMANDED TO SUPPLEMENT RECORD; REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## WAYMOND M. BROWN, Judge

In April 2011, appellant Lawrence Schmitt pleaded guilty to twenty counts of possession of child pornography, a Class C felony. On September 8, 2011, he was sentenced in a separate proceeding before a jury to four years' imprisonment and a fine of $1000 on each count, with each sentence to run consecutively, for a total of eighty years' imprisonment and fines of $20,000. Pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4–3(k), Schmitt's counsel has filed a motion to withdraw on the grounds that an appeal would be

---

[1]386 U.S. 738 (1967).

SLIP OPINION

wholly without merit.[2]  We deny counsel's motion to withdraw, and we remand for supplementation of the record and rebriefing.

In our prior opinion, we noted that counsel had failed to identify, abstract, and discuss the circuit court's denial of a defense motion for no prison sentence and a nominal fee.  This particular directed-verdict motion has been abstracted; however, counsel has failed to abstract the renewal of the motion and the court's denial.  In the argument section concerning the court's denial of the motion, counsel states, "Forearmed with the knowledge that the Directed Verdict Motion would be denied, Counsel raised the Directed Verdict motion only for the purposes of preserving the case for appeal.  It is renewed at the close of all evidence."  A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal.[3]  Our supreme court has held that the failure to abstract and discuss any adverse ruling in an *Anders* brief necessitates rebriefing.[4] Accordingly, we order rebriefing.

Although Schmitt pleaded guilty to, and was sentenced for, twenty counts of possession of child pornography, the record contains jury-verdict forms only for Counts 2-20.  The jury-verdict form for Count 1 is not included in the record.  This court can sua sponte direct that

---

[2]This is the second time this case has been before us.  We originally denied counsel's motion to withdraw and ordered rebriefing due to deficiencies in the abstract. *Schmitt v. State*, 2013 Ark. App. 20.

[3]Ark. Sup. Ct. R. 4-3(k)(1) (2012).

[4]*Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

this omission be corrected by filing a certified, supplemental record.[5]  Thus, we remand the case to the circuit court to supplement the record.  Schmitt has thirty days from today to file a supplemental record.

Arkansas Supreme Court Rule 4-2(a)(8) requires that an appellant's brief include an addendum consisting of all documents essential to this court's resolution of the issues on appeal.  The heading for what purports to be the jury-verdict form for Count 19 is missing.  The form has only a sentencing verdict without reference to the count.  Schmitt needs to include the complete sentencing verdict for Count 19 in his addendum.  Additionally, once the record is supplemented to include the missing jury-verdict form for Count 1, it, too, will need to be placed in Schmitt's addendum.  Schmitt has fifteen days after the record is supplemented to file a substituted abstract, brief, and addendum.[6]  We strongly encourage counsel, prior to filing the substituted abstract, brief, and addendum, to review our rules as well as the record and addenda to ensure that no other deficiencies are present.

Remanded to supplement record; rebriefing ordered; motion to withdraw denied.

GLOVER and WOOD, JJ., agree.

*Herbert C. Southern*, for appellant.

No response.

---

[5]Ark. R. App. P.–Civ. 6(e) (as made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)); *see Moss v. State*, 2010 Ark. App. 721.

[6]Ark. Sup. Ct. R. 4-2(b)(3).

SLIP OPINION