

Cite as 2014 Ark. App. 66

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–12–324

| | | |
|---|---|---|
| | | **Opinion Delivered** January 22, 2014 |
| LAWRENCE SCHMITT | | |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CR–10–0783–1] |
| V. | | |
| | | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

In April 2011, appellant Lawrence Schmitt pleaded guilty to twenty counts of possession of child pornography, a Class C felony. On September 8, 2011, he was sentenced in a separate proceeding before a jury to four years' imprisonment and ordered to pay a fine of $1000 on each count, with each sentence to run consecutively, for a total of eighty years' imprisonment and fines of $20,000. Pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4–3(k), Schmitt's counsel has filed a motion to withdraw on the grounds that an appeal would be wholly without merit. We affirm and grant counsel's motion to withdraw.

---

[1]386 U.S. 738 (1967).

This is the third time this case has been before us.[2] In our first opinion, we noted that counsel had failed to identify, abstract, and discuss the circuit court's denial of a defense motion for no prison sentence and a nominal fee. The directed-verdict motion was abstracted following remand; however, counsel failed to abstract the renewal of the motion and the court's denial. Additionally, the jury-verdict form for Count 1 was not included in the record or the addendum. Therefore, we remanded to supplement the record and for rebriefing.

An attorney's request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal.[3] This court is bound to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous.[4] Our supreme court has held that the failure to abstract and discuss any adverse ruling in an *Anders* brief necessitates rebriefing.[5]

Here, based on our review of the record for potential error pursuant to *Anders* and the requirements of Rule 4–3(k), we hold that an appeal of appellant's sentence would be entirely without merit. Accordingly, we affirm the sentence and grant counsel's motion to withdraw.

---

[2] *See Schmitt v. State*, 2013 Ark. App. 20, and *Schmitt v. State*, 2013 Ark. App. 489.

[3] Ark. Sup. Ct. R. 4–3(k)(1) (2012).

[4] *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

[5] *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

SLIP OPINION



Affirmed; motion to withdraw granted.

GLADWIN, C.J., and WOOD, J., agree.

*Herbert C. Southern*, for appellant.

No response.