
# ARKANSAS COURT OF APPEALS
DIVISION IV

**No.** CR-16-438

| | |
|---|---|
| GENEVA MARIA LYNNETTE BATES<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **OPINION DELIVERED:** APRIL 12, 2017<br><br>APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CR-12-64]<br><br>HONORABLE BILL PEARSON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED. |

## ROBERT J. GLADWIN, Judge

Geneva Maria Lynette Bates appeals the Johnson County Circuit Court order revoking her probation and sentencing her to six years' imprisonment in the Arkansas Department of Correction. Appellate counsel has filed a motion with this court to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2016). The motion is accompanied by a no-merit brief containing an abstract and addendum of the proceedings below. The abstract and addendum in counsel's brief include all adverse decisions affecting appellant, and counsel explains in the argument portion of his brief why there is nothing in the record that would arguably support an appeal. The clerk of this court provided appellant with a copy of counsel's brief and motion and notified appellant of her right to file pro se points for reversal. Appellant

SLIP OPINION

has not filed pro se points for reversal; thus, the State has not filed a response. We affirm appellant's revocation and grant counsel's motion to withdraw.

A request to be relieved as counsel on the ground that the appeal is wholly without merit shall be accompanied by a brief, including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* In furtherance of the goal of protecting constitutional rights, it is the duty of both counsel and this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

From our review of the record and the brief presented to us, we find compliance with Rule 4–3(k) and that an appeal would be wholly frivolous. Therefore, we affirm, by memorandum opinion, appellant's revocation. *See In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985). We also grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and MURPHY, JJ., agree.

*Dusti Standridge*, for appellant.

No response.

2