

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–16–572

TOMMY LEE RADFORD

 APPELLANT

V.

STATE OF ARKANSAS

 APPELLEE

**Opinion Delivered:** June 21, 2017

APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT
[NO. 52CR-13-183]

HONORABLE ROBIN J. CARROLL, JUDGE

AFFIRMED; MOTION TO WITHDRAW GRANTED

## WAYMOND M. BROWN, Judge

Appellant Tommy Lee Radford appeals the Ouachita County Circuit Court's order revoking his suspended imposition of sentence (SIS) on an underlying charge of residential burglary. He was sentenced to 129 months' imprisonment in the Arkansas Department of Correction. Appellate counsel has filed a no-merit brief pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4–3(k),[2] along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Appellant was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points

---

[1]386 U.S. 738 (1967).

[2](2016).

for reversal. Appellant has filed pro se points, and the State has filed a brief in response. We affirm and grant the motion.

On October 13, 2014, appellant pled guilty to residential burglary and was sentenced to fifteen months in the Ouachita County Jail with an additional 129 months' SIS. The suspended sentence was conditioned on "good behavior." The State filed a petition to terminate appellant's SIS on February 24, 2015, alleging that appellant had violated the conditions of the SIS by knowingly providing false information to law enforcement when registering as a sex offender in a separate case and by being charged with additional crimes in Ouachita County. The State filed an amended petition to terminate appellant's SIS on January 25, 2016, outlining the new crimes for which appellant had been charged: two counts of threatening a judicial officer, terroristic threatening, and as a habitual offender.

The revocation hearing took place on February 11, 2016. Barbara Quarles testified that she was the domestic-violence advocate and that she also registered sex offenders for the City of Camden. She stated that she was involved with the registration of appellant. She said that appellant filled out a change-of-address form listing 706 Agee as his new residence. She stated that she learned in January 2015 that the address did not exist.

Ben Opelt testified that he was a sergeant with the Camden Police Department. He stated that he arrested appellant on January 28, 2015, for failing to register as a sex offender. He said that he escorted appellant back to the jail after appellant's first appearance and that when they were out of the sight and sound of the judge, appellant immediately started calling him (Opelt) "harassing names," including a "bitch." He said that appellant

SLIP OPINION

threatened to rape him, his wife, and Judge Keaton. He also said that appellant directed sexual insults towards Quarles.

Quarles testified that she was present in January 2015 after appellant's first appearance for failing to register as a sex offender. She stated that Sergeant Opelt's testimony was consistent with what she had heard and seen on that date.

Appellant testified that he inadvertently gave the wrong address when he filled out the change-of-address form. He stated that the correct address was 703 Union Street, and that he had gotten the addresses mixed up because he had just finished fifteen months in jail and was experiencing amnesia from when he was shot in the head. He contended that he never violated his registration by leaving town or the state. He stated that he tried to explain to Judge Keaton at the first appearance that it was just a mistake but that the judge "didn't want to acknowledge it." He denied making threats against Judge Keaton. He acknowledged that he and Sergeant Opelt got into an argument in which they both said derogatory things. He denied making any threats toward anyone and presented the court with witness statements. He further stated, "And if I did make a threat at Detective Opelt, he came back like seven days later and escorted me to another first appearance, so I couldn't have been too much of a threat to him if he came back."

On cross-examination, appellant reiterated that he got the address mixed up and that it was just an inadvertent mistake. He admitted that he never lived at 706 Agee. He said that Sergeant Opelt's testimony was false except for the fact that they got into an argument. He also stated that Quarles's testimony was not true. He denied making any threats.

After the conclusion of the hearing, the court found that appellant had violated the conditions of his SIS and sentenced him to 129 months' imprisonment. This appeal followed.

A request to be relieved as counsel on the ground that the appeal is wholly without merit shall be accompanied by a brief, including an abstract and addendum.[3] The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court with an explanation as to why each adverse ruling is not a meritorious ground for reversal.[4] In furtherance of the goal of protecting constitutional rights, it is the duty of both counsel and this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous.[5]

Here, counsel has adequately explained why an appeal would be wholly frivolous. As a condition of appellant's SIS, he was required to be on good behavior. The State produced witnesses who testified that appellant threatened to rape certain persons and made other harassing statements. The State need only prove that the defendant committed one violation of the conditions.[6] Although appellant denied making the threats, the court was not required to believe appellant's version of events or that of appellant's witnesses.[7]

---

[3]Ark. Sup. Ct. R. 4–3(k)(1).

[4]*Id.*

[5]*Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

[6]*Hill v. State*, 2012 Ark. App. 493.

[7]*Id.*

In his pro se points for reversal, appellant contends that he should not have been found in violation for failing to register as a sex offender in a separate case. According to appellant, the registration requirement predated the charge for which he was placed on SIS, and thus, could not form the basis of the revocation. Because appellant's SIS was revoked on multiple grounds, we need not address his failure to register as a sex offender.

From our review of the record and the brief presented to us, including consideration of appellant's pro se points for reversal, which are either not preserved for appeal or do not otherwise support reversal,[8] we find compliance with Rule 4–3(k) and that there is no merit to an appeal. Therefore, we affirm appellant's revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and VAUGHT, JJ., agree.

*N. Mark Klappenbach*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.

---

[8]Appellant fails to cite authority or make convincing argument that would arguably support a reversal.