Gary Jerome RILEY *v.* STATE of Arkansas

CR 88-13                                          766 S.W.2d 921

Supreme Court of Arkansas
Opinion delivered March 20, 1989

*Marc Aaron Kline*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. On January 11, 1984, the Chief Gas Station in Pine Bluff was robbed by three men using a sawed-off shotgun. A few days later two men wearing ski masks and using a sawed-off shotgun robbed the Riverside Motel. A description of the car used in the robbery was broadcast by police radio and appellant Gary Jerome Riley and a companion were promptly arrested. They had ski masks and a sawed-off shotgun in their possession.

Appellant pled guilty to the aggravated robbery of the motel and was tried and convicted for the gas station robbery. As a habitual offender he was sentenced to consecutive terms of twenty

and ten years for aggravated robbery and theft. Riley appealed and on September 18, 1985, the Arkansas Court of Appeals affirmed the judgment, *Riley v. State*, (CACR 85-64).

Appellant then petitioned this court for permission to proceed under criminal procedure Rule 37, alleging that his trial counsel was ineffective for failing to move to suppress custodial statements he gave following his arrest. We granted the petition (See Per Curiam, *Riley v. State*, CR 86-173, February 23, 1987). At a hearing in the Jefferson Circuit Court appellant and three police officers testified concerning several statements given by Riley shortly after his arrest. The net effect of the officers' testimony was that Riley's statements implicated him in both robberies. While Riley's testimony disputed the state's proof in some respects, his own version had several contradictions. Riley testified that he immediately requested an attorney. The officers said he gave the statements readily after the Miranda warnings were given and did not ask for a lawyer until the following day when told he would be charged with the robbery of the gas station.

The circuit court denied the requested post-conviction relief and made findings of fact which included the following:

> The testimony is in conflict as to when Petitioner requested the assistance of an attorney, and whether or not that request for assistance related only to written statements or to oral statements as well. However, Petitioner's version conflicted within itself, and it was in conflict with the police version.

> Petitioner contends that he requested the assistance of an attorney as soon as he executed the Rights Form. But in his testimony he relates several voluntary statements to the police concerning the gun, the motel robbery, and the Chief Gas Station robbery.

> Petitioner has failed to overcome the presumption of effective assistance of counsel because he has failed to "show by clear and convincing evidence that the (alleged) prejudice resulting from the representation of trial counsel was such that he did not receive a fair trial." *Blackmon v. State*, 623 S.W.2d 184 (1981).

Gary Jerome Riley has appealed. Appellant's brief

recognizes that the issue is largely one of credibility. Counsel for appellant has filed a brief in accordance with *Anders* v. *California*, 386 U.S. 378 (1976), in which he concedes there is no merit to the appeal. Though given the opportunity to file a brief pro se, appellant has not done so and has not challenged the position of his counsel as to the absence of merit. The state's brief concurs and, pursuant to Rule 11, asserts that the record is devoid of errors which might dictate a different result. Finding nothing to the contrary in the record, we affirm.