Casey MATTHEWS *v.* STATE Of Arkansas

CR 97-461                                     966 S.W.2d 888

Supreme Court of Arkansas
Opinion delivered April 23, 1998

*Gardner Law Firm*, by: *Charles J. Gardner*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Darnisa Evans Johnson*, Asst. Att'y Gen., for appellee.

PER CURIAM. In 1990, the appellant, Casey Matthews, pleaded guilty to one count of burglary and one count of theft of property. He was sentenced to twenty years with thirteen years suspended on the burglary charge, and ten years with ten years suspended on the theft of property charge. The court ran the sentences concurrently. In 1995, he was charged with aggravated assault after he allegedly threatened his girlfriend with a butcher knife. The filing of the aggravated assault charge caused the prosecutor to seek a revocation of the suspended sentence that Matthews received for the burglary conviction. The suspended sentence was revoked, and Matthews was sentenced to ten years on the burglary conviction from 1990.

In 1990, when Matthews pleaded guilty to the burglary charge, Arkansas Criminal Procedure Rule 37 had been abolished and replaced with Arkansas Criminal Procedure Rule 36.4. Under Rule 36.4, claims of ineffective assistance of counsel had to be raised in a motion for a new trial within thirty days of the judgment. Matthews apparently did not file such a motion, but sought habeas corpus relief pursuant to 28 U.S.C. § 2254 in federal court. The Federal District Court for the Eastern District of Arkansas ordered that a writ of habeas corpus would issue unless Matthews was given an opportunity to pursue his ineffective assistance of counsel claim in state court.

Pursuant to the federal court order, Matthews filed a motion to vacate his guilty plea in the Circuit Court of Mississippi County. In the motion, Matthews alleged that he did not receive effective assistance of counsel at the time he entered his guilty plea. The Circuit Court denied relief. Matthews now appeals that order.

Matthews's court-appointed counsel has filed a motion to withdraw and a brief stating there is no merit to the appeal.

Counsel has filed the motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(j). Under the Rule, a court-appointed attorney who wishes to withdraw from an appeal must abstract and brief all of the rulings that were adverse to his client. Although such a "no-merit" brief is typically filed in a direct appeal from a judgment, we have also allowed the filing of no-merit briefs in postconviction appeals. *See Riley v. State*, 298 Ark. 292, 766 S.W.2d 921 (1989).

After the filing of a no-merit brief, the appellant has thirty days to raise additional arguments in a *pro-se* brief. Ark. Sup. Ct. R. 4-3(j). Matthews has not filed a brief. The State agrees that there is no merit to the appeal.

In this case, the only ruling that is adverse to Matthews is the denial of his motion to vacate his guilty plea. In the written order that was filed, the Circuit Court denied relief on the basis that Matthews's counsel was effective, and that in any event, Matthews had not proven that he was prejudiced by the alleged deficient performance. In the no-merit brief, counsel argues that the Circuit Court's order was not clearly erroneous. We agree.

■ ■ To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determina-

tion on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland v. Washington,* 466 U.S. 668 (1984). A circuit court's order denying postconviction relief will not be reversed unless it is clearly erroneous. *Catlett v. State,* 331 Ark. 270, 962 S.W.2d 313 (1998).

Matthews was originally charged with a total of six counts of burglary and theft of property, and the prosecutor petitioned to revoke the probation that Matthews received for the conviction in 1989. According to his defense counsel, Matthews gave a full confession to each of the charges in 1990, and a portion of the stolen property was found in his possession. The outcome of Matthews's case, even under these circumstances, was a guilty plea to only two of the charges; an agreement with the prosecutor to withdraw the application for a revocation; and concurrent sentences for each conviction with a majority of the sentences suspended. If he fulfilled the conditions of his suspended sentences, Matthews faced only seven years in prison.

It does not appear that Matthews had any complaints about his attorney's performance until his suspended sentence was revoked in 1995. In the motion to vacate the guilty plea that was subsequently filed, Matthews alleged that his counsel was ineffective because he failed to request a psychiatric evaluation; because he failed to investigate character witnesses; because he failed to fully investigate the State's case; and because he failed to move for a continuance.

### The mental evaluation

During the postconviction hearing, Matthews testified that problems within his family caused him to be depressed during the time period spanning from the filing of the charges to the entry of his guilty plea. He stated that he told his attorney that he was depressed, and that he had previously been under the care of a psychologist. He did not, however, specifically request that his attorney seek a mental evaluation. Matthews added that he received a mental evaluation in 1995 in connection with the aggravated assault charge, and that the diagnosis at that time was dissociative disorder and "major depression."

According to Matthews, the depression from which he suffered in 1990 was "much worse" than in 1995, and that a mental evaluation in 1990 was necessary because he was not sufficiently competent to assist his lawyer. Matthews testified that if he had received the mental evaluation, he would have insisted on going to trial once his competency was restored.

Matthews's defense counsel testified that he represented Matthews in 1989, when he pleaded guilty and received a sentence of five years' probation. Also, defense counsel testified that the only indication that Matthews had any kind of physical or mental disability was Matthews's response to a question on a standard personal history questionnaire. Apparently, Matthews originally responded that he had no prior mental or physical disabilities, but that response was later corrected to "drug-related, '86 and '87."

■ ■ We conclude that Matthews's defense counsel was not ineffective for failing to request a mental evaluation. We have previously held that a petitioner who asserts his incompetence for the first time in a petition for postconviction relief has the heavy burden of demonstrating with facts that he was not competent at the time of trial, or, as in this case, at the time of his guilty plea. *Henry v. State*, 288 Ark. 592, 708 S.W.2d 88 (1986). Other than Matthews's testimony, the only indication that he suffered from any mental disability appeared on the personal history questionnaire, where it was indicated that Matthews, at least two years prior to the filing of the charges in 1990, had a "drug-related" disability. Defense counsel, moreover, testified that he had no other indication that a mental evaluation was warranted.

### The character witnesses

■ Matthews testified that he told his attorney about several people, most of whom were family members, who could testify about his character. Matthews did not explain, during either his testimony or in his petition, what the contents of their testimony would have been and most importantly, how it would have affected his defense. Therefore, even if we assume that counsel performed deficiently by failing to investigate these witnesses,

Matthews has failed to demonstrate prejudice under the two-pronged *Strickland* standard.

*Counsel's investigation of the State's case*

Defense counsel testified that during plea negotiations, he was aware that Matthews had confessed to all six burglary and theft of property charges, and that he had given the police the names of two juveniles who also participated in the crimes. Those juveniles, in turn, identified Matthews as their accomplice. Defense counsel also testified that he was aware that a portion of the stolen property was found in Matthews's possession.

When asked if he was satisfied with the plea negotiations and the sentence that his client received, the attorney responded that he was pleased because a trial might have resulted in a ninety-year prison term on the six charges in 1990, and a revocation of the probation Matthews received in 1989. According to defense counsel, the revocation could have resulted in an additional thirty-year sentence.

■ It is clear that counsel was well aware of both the evidence the State intended to use against Matthews as well as the full extent of the punishment that his client could receive if the case went to trial. Consequently, Matthews did not sustain his burden of proving that his defense counsel did not fully investigate the State's case.

■ Lastly, we note that while the failure to move for a continuance was included among the grounds for relief in Matthews's motion to vacate his guilty plea, he did not allege how he was prejudiced by such a failure. Furthermore, Matthews did not introduce any evidence about the alleged failure to move for a continuance during the postconviction hearing. Consequently, no postconviction relief on this claim is warranted. *Strickland v. Washington, supra.*

Affirmed.