Orange Edward BRADY v. STATE of Arkansas

CR 00-929 57 S.W.3d 691

Supreme Court of Arkansas
Opinion delivered October 18, 2001

*Thomas B. Devine, III*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

PER CURIAM. Orange Edward Brady was convicted of aggravated robbery and theft of property, and he subsequently pled guilty to being a felon in possession of a firearm. He received concurrent sentences of twenty years', ten years', and ten years' imprisonment. The court of appeals affirmed in an unpublished opinion. *Brady v. State*, CACR 99-155 (Ark. App. Oct. 6, 1999).

Appellant, acting *pro se*, filed a timely petition for postconviction relief pursuant to Ark. R. Cr. P. 37 raising claims related to his jury trial convictions only. On April 13, 2000, the circuit court denied relief on each of appellant's claims but one. The circuit court set an evidentiary hearing to consider appellant's remaining claim that his trial counsel was ineffective in failing to present alibi witnesses. Thomas B. Devine, III, was subsequently appointed to represent appellant at the hearing on the remaining claim.

The circuit court conducted the hearing on June 2, 2000, and then denied relief in a June 21, 2000, order. Mr. Devine's subsequent motion to the circuit court to be relieved as appellant's counsel was denied at a July 5, 2000, hearing. That same day, Mr. Devine filed a notice of appeal from the June 2 hearing and the circuit court's June 21 order. He then timely lodged the record on appeal in this court, and filed a motion to withdraw and an *Anders* brief stating that there was no merit to any argument arising from the circuit court's denial of postconviction relief. In doing so, Mr. Devine only addressed the single claim of ineffective assistance concerning the alibi witnesses, and did not abstract appellant's Rule 37 petition in its entirety. Appellant was provided a copy of counsel's brief, and filed points for reversal for the court's consideration pursuant to Ark. Sup. Ct. R. 4-3(j)(2). Appellant's points for reversal raise, in part, some of the claims raised in his Rule 37 petition

that were denied by the circuit court on April 13. The State filed a brief in response to appellant's points for reversal. Neither appellant nor the State submitted a supplemental abstract of the Rule 37 petition. Because Mr. Devine, once he filed the notice of appeal, was required by Ark. Sup. Ct. R. 4-3(j)(1) to abstract and discuss the denial of each of the claims raised in appellant's petition, we order rebriefing in this case for compliance with the rule.

 The circuit court's April 13 order denying all but one of appellant's claims was an intermediate order, not a final order from which appeal could be taken. This court has explained:

> The requirement that an order be final to be appealable is a jurisdictional requirement. *Wilburn v. Keenan Cos., Inc.*, 297 Ark. 74, 759 S.W.2d 554 (1988). The purpose of the finality requirement is to avoid piecemeal litigation. *Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992). An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Department of Human Services v. Lopez*, 302 Ark. 154, 787 S.W.2d 686 (1990). The order must put the judge's directive into execution, ending the litigation, or a separable branch of it. *Festinger v. Kantor*, 264 Ark. 275, 571 S.W.2d 82 (1978).

*Payne v. State*, 333 Ark. 154, 158, 968 S.W.2d 59, 60-61 (1998)(quoting *K.W. v. State*, 327 Ark. 205, 207, 937 S.W.2d 658, 659-60 (1997)). An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. Although the circuit court denied all but one of appellant's claims in its April 13 order, it also retained jurisdiction, set an evidentiary hearing on the remaining claim, and appointed Mr. Devine to represent appellant. Thus, the circuit court's June 21 order denying the remaining alibi witness claim constituted the final appealable order in this case.

 "An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment." Ark. R. App. P.—Civ. 2(b). Rule 37 proceedings are civil in nature, *Public Defender Comm. v. Greene County*, 343 Ark. 49, 55, 32 S.W.3d 470, 474 (2000), and this court has referred to and applied the Rules of Appellate Procedure—Civil when necessary in criminal appeals. *Byndom v. State*, 344 Ark. 391, 404, 39 S.W.3d 781, 798 (2001). Applying Ark. R. App. P.—Civ. 2(b) to

this case, Mr. Devine's notice of appeal from the evidentiary hearing and the circuit court's final order also brought up for review the circuit court's intermediate order.

█ *Anders v. California*, 386 U.S. 738 (1967) and Arkansas Supreme Court Rule 4-3(j)(1) sets requirements for the withdrawal of counsel for a defendant in a criminal case after a notice of appeal has been filed on the basis that an appeal is without merit. Although such a "no-merit" brief is typically filed in a direct appeal from a judgment, we have also allowed the filing of no-merit briefs in postconviction appeals. *Matthews v. State*, 332 Ark. 661, 664, 966 S.W.2d 888, 889 (1998). Counsel's "no-merit brief" must contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(j)(1). The abstract must also contain each adverse ruling. *Id.*

██ Mr. Devine's no-merit brief did not meet the requirements of Rule 4-3(j)(1) because he failed to abstract and list each ruling adverse to appellant, and to explain why those rulings did not provide meritorious ground for reversal. Instead, he submitted a partial abstract and only addressed the alibi witness issue that was the basis for the June 2 hearing. This court cannot affirm an appellant's conviction without any discussion as to why a particular ruling by the trial court should not be meritorious grounds for reversal. *Dewberry v. State*, 341 Ark. 170, 172, 15 S.W.3d 671, 672 (2000). "Without an adequate brief which contains an abstract of the record, we cannot make a reasoned decision on whether counsel is entitled to be relieved on the ground that the appeal is without merit." *Mitchell v. State*, 327 Ark. 285, 286-87, 938 S.W.2d 814, 815 (1997). Accordingly, counsel is directed to file a brief which complies with Ark. Sup. Ct. R. 4-3(j)(1). When the brief is filed, the motion and brief will be forwarded by the Clerk to the appellant so that he may raise within thirty days any points he chooses in accordance with Ark. Sup. Ct. R. 4-3(j)(2).

Rebriefing ordered.