2009 Ark. App. 521

**Kevin FRAZIER, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1044.**

Court of Appeals of Arkansas.

July 1, 2009.

Joseph P. Mazzanti, III, Lake Village, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge.

Appellant pled guilty to numerous drug-related charges. His plea was accepted, and the issue of sentencing was submitted to a jury. After the hearing,

appellant was sentenced to thirty-two years' imprisonment. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Arkansas Supreme Court Rule 4–3(k) (2009), appellant's counsel has filed a motion to be relieved and a brief stating that there is no merit to the appeal. We must order rebriefing because counsel, in an otherwise thorough brief, has failed to discuss one adverse ruling in the argument portion of his no-merit brief.

■ An appellate court presented with a no-merit petition cannot affirm an appellant's conviction when counsel's brief contains no discussion as to why a particular ruling by the |₂trial court is not a meritorious ground for reversal. *Brady v. State,* 346 Ark. 298, 57 S.W.3d 691 (2001); *Dewberry v. State,* 341 Ark. 170, 15 S.W.3d 671 (2000). Without an adequate brief, we cannot make a reasoned decision on whether counsel is entitled to be relieved on the ground that the appeal is without merit. *Brady v. State, supra.* Here, the adverse ruling counsel has failed to discuss, appearing on pages ten and eleven of the abstract, was the trial court's decision to sustain the State's objection to witness testimony on the ground that it was unresponsive to questioning. Accordingly, counsel is directed to file within thirty days a brief that complies with Ark. Sup. Ct. R. 4–3(k)(1). When the brief is filed, we will consider it together with the points that appellant himself has raised pursuant to Ark. Sup.Ct. R. 4–3(k)(2).

Motion to withdraw denied; rebriefing ordered.

VAUGHT, C.J., and GLADWIN, J., agree.