2010 Ark. App. 536

**Amy Ladonna ELKINS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1252.**

Court of Appeals of Arkansas.

July 1, 2009.

Charles D. Hancock, Little Rock, for appellant.

No response.

D.P. MARSHALL JR., Judge.

The circuit court revoked Amy Elkins's suspended sentence because she failed to pay court-ordered fees, costs, and restitution—conditions of her suspension. Elkins's counsel on appeal has moved to withdraw and filed a no-merit brief pursuant to Arkansas Supreme Court Rule 4–3(k)(1) and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). While the brief correctly points out that the circuit court made no adverse rulings apart from the ultimate revocation decision, it simply concludes—without explaining why—that no meritorious ground for reversal exists as to that revocation. Elkins did not file *pro se* points.

We must order rebriefing. The governing rule requires the withdrawing counsel to file a brief containing "an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party *with an explanation as to why* each adverse ruling is not a meritorious ground for reversal." Ark. Sup.Ct. R. 4–3(k)(1) (emphasis added). The *Anders* procedure—which permits a criminal appellant's counsel to explain why his client should lose

and withdraw if an appeal would be wholly frivolous—is a legal oddity. Because of this, and in order to protect the appellant and the judicial process, counsel must turn square corners in these cases. *Brady v. State*, 346 Ark. 298, 302, 57 S.W.3d 691, 694 (2001).

The short argument of appellant's counsel is more of a conclusion than an explanation. The statement of the case does not fill the gap. Under *Anders* and our Rule, our court needs a discussion of key facts and governing law. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396; Ark. Sup.Ct. R. 4–3(k)(1). Counsel should file a new brief within thirty days that explains why no meritorious ground exists on this record for challenging the circuit court's decision to revoke Elkins's suspended sentence.

Rebriefing ordered.

HART and GLOVER, JJ., agree.