

Cite as 2014 Ark. App. 713

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–1094

| | |
|---|---|
| MOSES A. KIMMONS<br>APPELLANT | **Opinion Delivered** December 17, 2014 |
| V. | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–2010-752] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | REBRIEFING ORDERED; MOTION DENIED |

## RITA W. GRUBER, Judge

In June 2010, Moses A. Kimmons pleaded guilty to felon in possession of a firearm and was sentenced to three years' imprisonment in the Arkansas Department of Correction and three years' suspended imposition of sentence, subject to certain written conditions. The State subsequently filed a petition to revoke, alleging that he had violated conditions including the condition that he not possess a Schedule VI controlled substance. At the September 2013 revocation hearing, parole officer Chancey Rainey testified that Kimmons had pleaded guilty in April 2013 to misdemeanor possession of marijuana. *See* Ark. Code Ann. § 5-64–215(a)(1) (Supp. 2013) (listing marijuana as a Schedule VI controlled substance). The circuit court found that Kimmons by his own admission had violated terms and conditions by possessing marijuana. The court then granted the petition to revoke and sentenced Kimmons to thirty-

SLIP OPINION

six months' imprisonment in the Arkansas Department of Correction.

As is allowed by Rule 4-3 of the Rules of the Arkansas Supreme Court and Court of Appeals, Kimmons's counsel brings a no-merit appeal and a motion asking to be relieved as counsel. A copy of counsel's brief and a letter notifying appellant of his right to file a list of pro se points for reversal were sent by certified mail to Kimmons's last known address, but the packet was returned with a notation that the address did not exist. Counsel has no additional contact information, and Kimmons has not filed points for reversal.

The argument section of counsel's no-merit brief, despite fairly discussing the evidence that supports the circuit court's finding that Kimmons violated conditions, fails to discuss other rulings that were adverse to Kimmons. We direct counsel's attention to the requirement that a no-merit argument must include "a list of all rulings adverse to the defendant made by the circuit court . . . *with an explanation as to why each adverse ruling is not a meritorious ground for reversal.*" Ark. R. Crim P. 4-3(k)(1) (emphasis added). *See also Brady v. State*, 346 Ark. 298, 302, 57 S.W.3d 691, 694 (2001) (stating that the appellate court "cannot affirm an appellant's conviction without any discussion as to why a particular ruling by the trial court should not be meritorious grounds for reversal"). There are also deficiencies, or perhaps typographical errors, in the addendum section of counsel's brief: its table of contents refers to several documents that do not comport with the record in this case, and the pagination of the addendum includes two separate documents with identical pagination (the criminal-cost bill and the petition for revocation).

The briefing deficiencies we have mentioned are not to be taken as an exhaustive list.

We direct counsel to familiarize himself with the requirements of Rule 4–3(k)(1) and the case law we have cited. Counsel's substituted brief, abstract, and addendum are due within fifteen days from the date of this opinion. Ark. Sup. Ct. R. 4–2(b)(3) (2014). We express no opinion as to whether the new appeal should address the merits or should be made pursuant to Rule 4–3(k)(1). If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk to appellant so that, within thirty days, he again will have the opportunity to raise any points he chooses in accordance with Ark. Sup. Ct. R. 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a response brief.

Rebriefing ordered; motion denied.

GLOVER and BROWN, JJ., agree.

*Gary J. Barrett*, for appellant.

No response.