Cite as 2019 Ark. App. 332

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-18-680

|  |  |
|---|---|
| KERRIE LOUISE DAVIS | **Opinion Delivered** June 5, 2019 |
| APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-17-110] |
| V. | HONORABLE JERRY RAMEY, JUDGE |
| STATE OF ARKANSAS | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |
| APPELLEE | |

## LARRY D. VAUGHT, Judge

Appellant Kerrie Louise Davis was convicted by a Conway County Circuit Court jury of one count of possession of less than two grams of methamphetamine with purpose to deliver, a Class C felony, with an enhancement based on her status as a habitual offender. She was sentenced to fifteen years' imprisonment in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2018) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's attorney has filed a no-merit brief and a motion to withdraw arguing that this appeal is without merit. The motion is accompanied by an abstract and addendum of the proceedings below purporting to include all adverse rulings and a brief in which counsel explains why there is nothing in the record that would support an appeal. Davis has filed pro se points for reversal, and the State has filed a

brief in response. However, counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k). Therefore, we order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections . . . with an explanation as to why each . . . is not a meritorious ground for reversal" and that "the abstract and addendum of the brief shall contain . . . all rulings adverse to the defendant." Ark. Sup. Ct. R. 4-3(k)(1). Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing. *Id.* at 4, 362 S.W.3d at 880. The requirement to abstract and brief every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Sartin*, 2010 Ark. 16, at 8, 362 S.W.3d at 882. For these reasons, a no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3(k)(1), and rebriefing will be required. *Id.*

Our review of the record reveals at least two adverse ruling not addressed by counsel. On page thirteen of the abstract, the circuit court sustained the State's objections to Davis's testimony. Counsel fails to discuss these adverse rulings in her no-merit brief. In *Frazier v. State*, 2009 Ark. App. 521, at 2, 336 S.W.3d 878, 879, we denied counsel's motion to be relieved and ordered rebriefing because counsel failed to discuss the circuit court's decision to sustain the State's objection to witness testimony, which is an adverse ruling that must be addressed pursuant to *Anders*.

Counsel is strongly encouraged to review *Anders*, *supra*, and Rule 4-3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and she will have thirty days within which to raise additional pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief. Appellant and the State may elect to stand on the original pro se points and responsive brief in this case.

Motion to withdraw denied; rebriefing ordered.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.