Cite as 2020 Ark. App. 339

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-19-971

| | | |
|---|---|---|
| | | **Opinion Delivered** June 3, 2020 |
| STEVEN BURNS | APPELLANT | APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, WESTERN DISTRICT [NOS. 11CCR-16-88, 11CCR-17-1] |
| V. | | HONORABLE BRENT DAVIS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

This is a no-merit appeal filed on behalf of Steven Burns, whose probation and suspended imposition of sentence (SIS) were revoked by the Clay County Circuit Court. We affirm his revocation and grant counsel's motion to withdraw.

On January 13, 2017, Burns entered a plea of guilty to possession of less than two grams of a controlled substance and received a sentence of thirty-six months' probation. On the same day, he entered a plea of guilty to two charges of possession of drug paraphernalia in a separate case and received a sentence of sixty months' SIS.

On June 24, 2019, the State filed a petition for revocation, and it subsequently filed an amended petition, which alleged that Burns had violated the terms of his probation and his SIS by failing to appear in court on February 1, 2018, failing to pay court-ordered fines and costs, failing to pay supervision fees, failing to report to his supervising officer, moving from

his residence without permission from his supervising officer, failing to maintain employment, failing to attend substance-abuse classes or rehabilitation as directed, and using illegal drugs. A hearing was held on August 26, 2019. Officer Kenny Milligan with Arkansas Community Correction testified that Burns missed an office visit and did not respond to attempts to reach him by phone. Officer Milligan then mailed Burns a letter, but Burns did not respond. Officer Milligan attempted a home visit and left a card instructing Burns to report or contact Milligan immediately. Milligan then testified that he last saw Burns in person on February 7, 2018, and asked him to report back on February 13, 2018, but Burns did not report. Milligan testified that Burns admitted methamphetamine use on June 22, August 3, and September 6, 2017, and that he tested positive for marijuana and methamphetamine on the date of his revocation hearing. Milligan further testified that Burns paid his monthly probation fees only a few times before he absconded and owes $140 in delinquent fees. Milligan went on to state that Burns owes approximately $500 for one of his cases and approximately $1,100 for the other case.

The court found that Burns had violated the terms and conditions of his probation and his SIS, granted the State's motion to revoke, and sentenced Burns to forty-eight months' imprisonment in a regional correctional facility and sixty months' SIS.

A notice of appeal was timely filed on May 20, 2019. After a review of the record revealed no nonfrivolous basis for an appeal, Burns's counsel filed a no-merit appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Matthews v. State*, 332 Ark. 661, 966 S.W.2d 888 (1998) (per curiam). Burns was sent notification of his right to file pro se points on appeal, and he has filed none.

2

In order to revoke probation, the trial court must find, by a preponderance of the evidence, that the defendant has violated a condition of probation without excuse. *McDougal v. State*, 2015 Ark. App. 212, at 4, 465 S.W.3d 863, 866. The State bears the burden of proof but need only prove one violation for the court to grant the revocation motion. *Id.* We will not reverse the decision of the trial court unless the finding is clearly erroneous. *Id.*

Complying with the directives in *Anders* and Rule 4-3 of the Rules of the Arkansas Supreme Court and Court of Appeals, Burns's counsel has thoroughly examined the record of this proceeding and has found no error to support an appeal. Counsel has briefed this court on every adverse ruling and adequately explained why each ruling would not provide grounds for a meritorious appeal.

The only adverse ruling in this case was the court's revocation of Burns's probation and SIS. The evidence presented at trial demonstrated that Burns failed to pay fines, fees, and costs as directed, failed to report to his probation officer as directed, failed to maintain and report his employment as directed, failed to attend substance-abuse classes or complete a drug-rehabilitation program as directed, and tested positive for illegal drugs, including on the day of his revocation hearing. Because the State must prove only one violation in order to revoke, Milligan's testimony regarding Burns's continued use of illegal drugs was sufficient on its own to support a finding that Burns had violated the terms and conditions of both his probation and his SIS. Having reviewed the record and the briefs presented, we conclude that there has been compliance with Rule 4-3(k)(1), there are no nonfrivolous issues that support an appeal in this case, and this appeal has no merit. *Miller v. State*, 2020 Ark. App. 28, at 5, 595 S.W.3d 368, 371.

Affirmed; motion to withdraw granted.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, Clay County Deputy Public Defender, for appellant.

One brief only.