

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-326

| | |
|---|---|
| | **Opinion Delivered** December 11, 2013 |
| PENNY J. WHITSON | APPEAL FROM THE BAXTER |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. CR-2009-130] |
| V. | |
| | HONORABLE GORDON WEBB, |
| | JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | REMANDED TO SETTLE AND |
| | SUPPLEMENT THE RECORD; |
| | REBRIEFING ORDERED |

**ROBIN F. WYNNE, Judge**

Penny Whitson appeals from the revocation of her probation. After a hearing on November 16, 2012, the circuit court revoked Whitson's probation and sentenced her to a total of 122 months' imprisonment. She argues on appeal that (1) the trial court erred by sentencing her to probation and drug court in November 2009 because she was ineligible for both; (2) because the November 2009 sentence was illegal, the sentence imposed upon revocation was also illegal; and (3) the trial court erred by "sentencing her to more time than her original sentence." We cannot reach the merits at this time because we must remand for the circuit court to settle and supplement the record; rebriefing is then necessary.

Apparently, on November 13, 2009, Whitson pled guilty to possession of a controlled substance and possession of drug paraphernalia and was sentenced to 144 months' supervised

probation. The order sentencing her to probation, however, is not included in the addendum or in record, nor is the charging instrument or the terms and conditions of Whitson's probation. Without this original order and the relevant pleadings, we cannot consider the legality of the sentence imposed upon revocation. In addition, there is some indication that a sentencing order may have been entered before the order revoking appellant's probation was filed on January 3, 2013, with the handwritten notation "amended revocation." That order, if it exists, as well as any other relevant pleadings, orders, or other documents, should also be included in the supplemental record and addendum.

This court has stated that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *Miller v. State*, 2011 Ark. App. 95, at 3; Ark. R. App. P.–Civ. 6(e) (as made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)). Accordingly, we remand this case to the circuit court to settle and supplement the record. Appellant has thirty days from the date of this opinion to file a supplemental record with this court. Appellant's substituted brief is due fifteen days after the supplemental record is filed. Ark. Sup. Ct. R. 4-2(b)(3) (2012). The examples we have noted are not to be taken as an exhaustive list of deficiencies; counsel should carefully review the rules and ensure that no other deficiencies exist.

Remanded to settle and supplement the record; rebriefing ordered.

PITTMAN and HARRISON, JJ., agree.

*Law Office of Chris Lacy*, by: *Chris Lacy*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.

SLIP OPINION