# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–117

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** January 15, 2014 |
| SEIMOND EVANS | APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR–2010-213-1-1] |
| V. | | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| STATE OF ARKANSAS | APPELLEE | MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE; REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## JOHN MAUZY PITTMAN, Judge

Seimond Evans appeals from an order revoking his probation and sentencing him to ten years in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k), appellant's attorney has filed a motion to be relieved as counsel, stating that there is no merit to the appeal. The motion is accompanied by an abstract and addendum of the proceedings below and a brief in which counsel asserts that there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days. Appellant has filed no statement.

We must deny the motion at this time because the record and addendum are incomplete and do not comply with the requirements set for no-merit cases. In a criminal appeal presented in no-merit format, the appellate court must decide, after a full examination of all of the proceedings, whether the case is wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001). A full examination is not possible without the complete record. *Id.* Moreover, the appellant's brief is required to contain an addendum that includes true and legible photocopies of the order from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the court's jurisdiction on appeal. Ark. Sup. Ct. R. 4-2(a)(8); *Teague v. State*, 2010 Ark. App. 34.

Here, although counsel designated the entire record for appeal, the circuit clerk's portion of the record furnished to us does not contain the original information, the judgment placing appellant on probation, or the terms and conditions of appellant's probation. Necessarily, these items also do not appear in counsel's addendum.[1] Without them, we cannot determine the trial court's jurisdiction over appellant or the legality of the sentence that was imposed upon revocation.[2] *Whitson v. State*, 2013 Ark. App. 730. Under these circumstances, we remand the case to the trial court for the record to be settled. *Id.* Counsel

---

[1]While the terms and conditions were introduced into evidence as an exhibit at the hearing and appear at the end of the transcript, the exhibit does not appear in the addendum.

[2]The legality of a criminal sentence is an issue that can be raised for the first time on appeal and therefore must be considered. *Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004).

shall file a supplemental record within thirty days of this order. Counsel shall then file a substituted abstract, brief, and addendum within fifteen days thereafter.

We emphasize that the deficiencies in the record and brief mentioned here are not an exhaustive list. We encourage counsel to carefully review our rules and ensure that there are no other deficiencies in the record or his brief.

Motion to withdraw denied without prejudice; remanded to settle and supplement the record; rebriefing ordered.

GLADWIN, C.J., and WHITEAKER, J., agree.

*N. Mark Klappenback*, for appellant.

No response.