SLIP OPINION

Cite as 2014 Ark. App. 640

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-63

| | | |
|---|---|---|
| THOMAS L. LAGIOS | | **Opinion Delivered** NOVEMBER 12, 2014 |
| | APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. PR-2012-106-5] |
| V. | | |
| | | HONORABLE LARRY W. CHANDLER, JUDGE |
| KENNETH MITCHELL GOLDMAN and DEANNE FIELDS GOLDMAN | | |
| | APPELLEES | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## DAVID M. GLOVER, Judge

Thomas Lagios appeals from the September 17, 2013 adoption decree, in which the trial court ruled that Lagios was not a fit and proper person to have custody of his infant daughter, M.L.H., and granted the adoption petition filed by appellees, Deanne and Kenneth Goldman. Lagios raises four points of appeal in challenging the adoption decree: 1) the trial court never acquired jurisdiction of the case because the Goldmans never strictly nor substantially complied with the adoption statutes; 2) the trial court abused its discretion when it allowed the adoption without Lagios's consent; 3) the trial court abused its discretion when it reopened the case sua sponte to allow the Goldmans to introduce the home study conducted by Deborah Rago; and 4) the facts do not support the trial court's conclusion that it was in the child's best interest to be adopted by the Goldmans. We do not address the

SLIP OPINION

merits of these arguments because we must remand the case for settlement and supplementation of the record, and then, rebriefing.

The trial court allowed the parties to file post-trial briefs after the June 28, 2013 hearing. Following submission of those briefs, the trial court reopened the record sua sponte and held another hearing on August 30, 2013. At the August 30 hearing, the Goldmans were allowed to introduce the social worker's home-study report (which had been proffered at the first hearing but not admitted into evidence because the social worker did not attend the first hearing). Among the issues raised in this appeal, Lagios challenges the trial court's jurisdiction and asserts his own lack of consent to the adoption. No post-trial briefs are included in Lagios's addendum. However, the Goldmans included their own post-trial brief and their reply brief to Lagios's post-trial brief in their supplemental addendum. But, neither of the parties have provided us with Lagios' post-trial brief, nor is it in the record. Without the missing post-trial brief, it is difficult for us to fully understand this case and to determine if the issues raised in this appeal were properly preserved for our review.

If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *Whitson v. State*, 2013 Ark. App. 730; Ark. R. App. P.–Civ. 6(c). We therefore remand this case to the trial court to settle and supplement the record. Lagios has thirty days from the date of this opinion to file a supplemental record with this court. Lagios's substituted brief is due fifteen days after the supplemental record is filed. Ark. Sup. Ct. R. 4-2(b)(3). Moreover, we caution counsel that in noting the absence of Lagios's post-trial brief, we do

2

not purport to provide an exhaustive list of deficiencies. Counsel should carefully review the rules and ensure that no other deficiencies exist.

Remanded to settle and supplement the record; rebriefing ordered.

VAUGHT and WOOD, JJ., agree.

*Depper Law Firm, Inc.*, by: *Robert L. Depper*, for appellant.

*Burbank Dodson & Barker, PLLC*, by: *Jack W. Barker*, for appellees.