SLIP OPINION

Cite as 2015 Ark. App. 447

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–937

| | |
|---|---|
| | **OPINION DELIVERED** SEPTEMBER 9, 2015 |
| ROBYN HUSKEY and JANICE MARIE<br>APPELLANTS | APPEAL FROM THE DREW<br>COUNTY CIRCUIT COURT<br>[NO. JV-2014-129-5] |
| V. | HONORABLE TERESA FRENCH,<br>JUDGE |
| BILLY HUSKEY<br>APPELLEE | REMANDED TO SETTLE THE<br>RECORD; SUPPLEMENTAL<br>ADDENDUM ORDERED. |

**ROBERT J. GLADWIN, Chief Judge**

Appellants Robyn Huskey, mother of A.H. (born April 7, 2010), and Janice Marie, maternal grandmother, appeal the Drew County Circuit Court's order of guardianship filed August 12, 2014, the corresponding Family in Need of Services (FINS) order filed August 19, 2014, and the circuit court's order denying their motion to recuse and change venue. Because the order denying appellants' posttrial motion is not contained in the record or addendum, we order that the record be settled, granting thirty days from the date of this order to do so. Further, we order appellants to supplement their addendum accordingly to add the missing order.

Appellee Billy Huskey, paternal grandfather of A.H., was appointed guardian of the person and estate of A.H. on August 12, 2014, over appellants' objections. Billy was ordered not to allow either parent to have personal contact with A.H. until they had proved that they

had counseling and therapy by completing an intensive parenting class.[1] They were each awarded telephone visitation for five minutes on Sundays. Janice Marie was granted unsupervised visitation, when she was in town, for no more than six hours. A FINS order filed August 19, 2014, reflects the same rulings.

Appellants filed a motion on September 2, 2014, asking that the circuit court judge recuse, alleging bias, and that venue be changed. Appellants alleged in their amended notice of appeal filed October 22, 2014, that the circuit court denied their motion by order filed September 30, 2014. As indicated above, however, the order is not contained in the record or addendum.

This court has stated that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *Whitson v. State*, 2013 Ark. App. 730, at 2; Ark. R. App. P.–Civ. 6(e) (2014). Accordingly, we order the record to be settled and supplemented with all omitted material necessary for a complete and accurate record on appeal. The certified record must be filed within thirty days of this order.

Arkansas Supreme Court Rule 4–2(a)(8)(A) (2014) provides that the addendum must include, among other things, the order from which the appeal is taken. Thus, after the certified record has been filed, appellants will have fifteen days within which to file a substituted addendum, correcting any deficiencies. Ark. Sup. Ct. R. 4–2(b)(3).

Remanded to settle the record; supplemental addendum ordered.

VIRDEN and BROWN, JJ., agree.
*Robyn Huskey* and *Janice Marie*, pro se appellants.
No response.

---

[1] Jeremy Huskey, father of A.H., is not a party to this appeal.

2