SLIP OPINION

Cite as 2015 Ark. App. 450

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–136

| | |
|---|---|
| CHERYL ANN GERKING AND MILES GERKING<br><br>APPELLANTS<br><br>V.<br><br>BRIAN HOGAN<br>APPELLEE | **Opinion Delivered** September 9, 2015<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. DR–2011-0491]<br><br>HONORABLE J.W. LOONEY, JUDGE<br><br>REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; SUPPLEMENTAL ADDENDUM ORDERED |

## RAYMOND R. ABRAMSON, Judge

Appellants Cheryl Ann Gerking and Miles Gerking assert that the Polk County Circuit Court entered an order on September 18, 2013, awarding them visitation with their two grandchildren. According to the Gerkings, the order granted them three weeks of summer visitation and alternating weekend visitation with their grandchildren. The Gerkings' deceased daughter, Jodie, the children's mother, was divorced from Brian Hogan, the appellee, who had primary custody of the two children.[1]

On July 28, 2014, the Gerkings filed a petition to intervene and have Hogan held in contempt for denying them their court-ordered visitation. The Gerkings alleged that Hogan had refused to allow the Gerkings visitation. Hogan claimed that he refused to let the children

---

[1] Appellee Brian Hogan has not filed a response in the instant case.

visit the Gerkings because of their excessive use of alcohol when the children were in their presence. Hogan requested that the court deny the petition for contempt.

On October 23, 2014, the trial court held a hearing on the visitation issue. In an order entered on December 3, 2014, the court denied the petition for contempt and reduced the Gerkings' visitation to nine hours once a month. The Gerkings appeal from this order.

We cannot address the merits of the Gerkings' arguments because the original order granting them visitation, entered on September 18, 2013, is not included in the record or in the addendum. If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *Whitson v. State*, 2013 Ark. App. 730; Ark. R. App.P.–Civ. 6(e).

Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) (2014) states that the addendum must include all relevant pleadings, orders, documents, and exhibits in the record that are essential to an understanding of the case. Appellants have seven days after the record has been supplemented to file a supplemental addendum. Ark. Sup. Ct. R. 4-2(b)(4). We encourage appellants to carefully examine the record and review our rules to ensure that no additional deficiencies are present.

Remanded to settle and supplement the record; supplemental addendum ordered.

GRUBER and HOOFMAN, JJ., agree.

*Orvin W. Foster*, for appellants.

No response.