SLIP OPINION

Cite as 2015 Ark. App. 678

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–136

| | |
|---|---|
| CHERYL ANN GERKING AND MILES GERKING<br><br>APPELLANTS<br><br>V.<br><br>BRIAN HOGAN<br>APPELLEE | **Opinion Delivered** December 2, 2015<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. DR–2011–049–1]<br><br>HONORABLE J.W. LOONEY, JUDGE<br><br>REVERSED AND DISMISSED |

## RAYMOND R. ABRAMSON, Judge

Cheryl Ann Gerking and Miles Gerking appeal the December 3, 2014 order of the Polk County Circuit Court that reduced visitation with their grandchildren.[1] The Gerkings contend that the trial court's decision to "severely restrict" their visitation is clearly erroneous and an abuse of discretion. Further, they argue that the trial court granted relief to appellee Brian Hogan that he never requested, and that the visitation issue was not tried by agreement of the parties. We find no evidence to support the court's ruling, and we reverse and dismiss.

The Gerkings' daughter, Jodie Hogan, and Brian Hogan divorced on January 6, 2012; Jodie died in July 2013. Brian Hogan has custody of the two minor children, Z.H., who was born in 2005, and B.H., who was born in 2008. On September 18, 2013, the Polk County

---

[1] This appeal reaches us for a second time after the record and addendum were ordered to be supplemented to include the September 18, 2013 order. *Gerking v. Hogan*, 2015 Ark. App. 450.

SLIP OPINION

Circuit Court awarded the Gerkings visitation with their two grandchildren for three weeks each summer and on alternating weekends. A condition of that order was that the parties not consume any alcoholic beverages or use any illegal controlled substances in the presence of the children.

On July 28, 2014, the Gerkings filed a petition to have Hogan held in contempt for denying them their court-ordered visitation. Hogan did not deny the Gerkings' allegation that he had refused to allow them visitation. Hogan claimed he refused to let the children visit the Gerkings because of their alleged excessive use of alcohol when the children were in their presence. Hogan requested that the court deny the petition for contempt.

On October 23, 2014, the trial court held a hearing on the "visitation problems."[2] In an order entered on December 3, 2014, the court effectively denied the petition for contempt by reducing the Gerkings' visitation to nine hours once a month. The Gerkings now appeal from that order. Hogan has not filed a response.

The determination of visitation rights is a matter that lies within the sound discretion of the circuit court. *Hudson v. Kyle*, 365 Ark. 341, 229 S.W.3d 890 (2006). The main consideration in making judicial determinations concerning visitation is the best interest of the child. *See id.* Further, this court has traditionally reviewed matters that sounded in equity de novo on the record with respect to factual questions and legal questions. *Id.* We have stated

---

[2] Because we reverse on appellant's first point, we do not address appellant's second point, whether the parties acquiesced or consented to this statement. The issue before the trial court should have been based on the pleadings, which reflect that the issue was contempt —not visitation.

repeatedly that we will not reverse a finding by a circuit court in an equity case unless it is clearly erroneous. *Id.* We have also stated that a finding of fact by a circuit court sitting in an equity case is clearly erroneous when, despite supporting evidence in the record, the appellate court viewing all of the evidence is left with a definite and firm conviction that a mistake has been committed. *Id.*

In resolving the clearly erroneous question, we must give due regard to the opportunity of the court to judge the credibility of witnesses. *Id.* We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Bethany v. Jones*, 2011 Ark. 67, 378 S.W.3d 731. This deference to the circuit court is even greater in cases involving child custody or visitation, as a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *In re Adoption of J.P.*, 2011 Ark. 535, at 12–13, 385 S.W.3d 266, 274.

De novo review does not mean that the findings of fact of the circuit judge are dismissed out of hand and that the appellate court becomes the surrogate trial judge. *Stehle v. Zimmerebner*, 375 Ark. 446, 455–56, 291 S.W.3d 573, 580 (2009). What it does mean is that a complete review of the evidence and record may take place as part of the appellate review to determine whether the trial court clearly erred either in making a finding of fact or in failing to do so. *Id.*

Here, it is clear the trial court failed to make the necessary findings of fact to support its decision. The court erred in its decision to reduce the Gerkings' visitation from three

weeks in the summer and alternating weekends to nine hours once a month. Based on our review of the record, there is virtually no evidence to support the trial court's decision. There was no testimony presented at the hearing that anyone witnessed the Gerkings consuming alcohol in the presence of the children after the order was entered prohibiting such action. Yvonne Siribouth, who runs a summer day camp that the children attend, testified that she had never observed either Mr. or Mrs. Gerking in "any kind of inebriated condition on any occasion." She further testified, "[Mrs. Gerking's] contacts with me concerning the children have been appropriate in every respect." Cheryl Gerking took the stand and testified that she had not, at any time since October 2013, consumed alcohol in the presence of the children.

Vadina Hogan, appellee's mother, testified that she had observed Cheryl Gerking in the presence of the children while she was under the influence of alcohol, but she also stated that she had never seen her drink in front of the children. Ben Hogan, appellee's father, testified, "[T]he only evidence I've got that would show Mrs. Gerking has violated the order is a friend of mine told me that." The record before us is replete with hearsay and lacks any concrete proof that a violation of the September 18, 2013 order occurred.

Although this court gives due deference to the superior position of the circuit court to view and judge the credibility of the witnesses, and despite the even higher standard of deference given to the trial court in cases involving child custody or visitation, we do not apprehend what evidence was presented to support the trial court's ruling. It is based purely on speculation and conjecture which, even if plausible, cannot take the place of proof. *See Serrano v. Westrim, Inc.*, 2011 Ark. App. 771, at 7, 387 S.W.3d 292, 297.

In *Taylor v. Taylor*, 353 Ark. 69, 110 S.W.3d 731 (2003), our supreme court held that a decision cannot be based on perceptions and appearances rather than concrete proof of likely harm:

> While we are well aware of the expression 'perception is reality,' when dealing with the extreme seriousness of changing the custody of children from one parent to the other, we are convinced that evidence-based factors must govern.

> *Id*. at 83, 110 S.W.3d at 739.

While *Taylor* involved issues of child custody, the principles it sets out are equally applicable to the issue of visitation. Here, not only were there no "evidence-based factors" but moreover, not a single witness testified to having seen either of the Gerkings consume alcohol in the presence of the children or while they had custody of the children after the September 2013 order had been entered. Thus, there was no change in circumstances since the last order was entered, and there was a lack of evidence presented to the trial court to make the finding that the Gerkings had violated the order since its entry. Because we hold the trial court clearly erred, there is no need for us to address appellants' second point on appeal.

Reversed and dismissed.

GLADWIN, C.J., and KINARD, J., agree.

*Orvin W. Foster*, for appellants.

No response.