Cite as 2020 Ark. App. 7

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-19-137

| | | |
|---|---|---|
| | | **OPINION DELIVERED:** JANUARY 15, 2020 |
| JOSHUA ERIC HURTE | APPELLANT | APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 11PCR-17-30] |
| V. | | |
| | | HONORABLE BRENT DAVIS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE; REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

**ROBERT J. GLADWIN, Judge**

Joshua Eric Hurte was sentenced to three years' imprisonment and an additional three years' suspended imposition of sentence by the Clay County Circuit Court after the court revoked his probation imposed for terroristic threatening and criminal mischief. Hurte filed a timely notice of appeal, and his counsel filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals. Counsel asserts that there is no issue of arguable merit for an appeal.

We deny counsel's motion without prejudice because the record and addendum are incomplete and do not comply with the requirements for no-merit cases. In the no-merit appeal *Evans v. State*, 2014 Ark. App. 22, counsel had designated the entire record for

appeal, but the circuit clerk furnished a record that did not contain the original information, the judgment placing the appellant on probation, or the terms and conditions of the appellant's probation. We held that without these items, we could not determine the trial court's jurisdiction over the appellant or the legality of the sentence that was imposed upon revocation. *Evans*, 2014 Ark. App. 22, at 2.

We note that the entire record was not designated in Hurte's notice of appeal. Further, as in *Evans*, neither the record nor the addendum herein contain the original information, the judgment placing Hurte on probation, or the terms and conditions of Hurte's probation. All of these items are required for this court to conduct a full examination of all the proceedings to decide whether an appeal would be wholly frivolous. *See Anders*, *supra*; *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001) (requiring a complete record in no-merit appeals pursuant to the *Anders* directive that we conduct a full examination of all the proceedings to decide whether the case is wholly frivolous).

If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and, if necessary, that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (2019) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a) (2019)). Further, Arkansas Supreme Court Rule 4-2(a)(8) requires that the addendum to appellant's brief include all documents that are essential for the appellate court to understand the case and to decide the issues on appeal.

Accordingly, we remand the matter to settle and supplement the record. Counsel shall file a supplemental record within thirty days of this order. Counsel shall then file a

substituted abstract, brief, and addendum within fifteen days thereafter. The deficiencies listed herein are not meant to be an exhaustive list. Therefore, we encourage counsel to review our rules and ensure that there are no other deficiencies in the record or his brief.

Motion to withdraw denied without prejudice; remanded to settle and supplement the record; rebriefing ordered.

VIRDEN and VAUGHT, JJ., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, for appellant.

One brief only.