Cite as 2020 Ark. App. 330

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-19-793

| | | |
|---|---|---|
| | | **OPINION DELIVERED:** JUNE 3, 2020 |
| MACK HARRIS | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-18-311] |
| V. | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REMANDED TO CORRECT SENTENCING ORDER; REBRIEFING ORDERED; AND MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

**ROBERT J. GLADWIN, Judge**

Mack Harris was sentenced as a habitual offender to fifteen years' imprisonment in the Hot Spring County Circuit Court for his conviction of possession of a controlled substance. He filed a timely notice of appeal, but his attorney filed a motion to withdraw and a no-merit brief, which is based on *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals. Counsel asserts that there is no issue of arguable merit for an appeal. Harris did not file pro se points for reversal; accordingly, the State did not file a responsive brief. We deny counsel's motion to withdraw, remand for correction of the sentencing order, and order rebriefing.

On December 12, 2018, Harris was charged by information, which alleged that on December 10, 2017, Harris was an inmate at the Ouachita River Correctional Unit and had

knowingly possessed less than two grams of methamphetamine. Further, Harris was charged as a habitual offender, having been convicted of four or more felonies. He was appointed counsel at a hearing on January 22, 2019, and a jury trial was held on March 21. Harris was found guilty and sentenced to fifteen years' imprisonment, and the circuit court ordered that the sentence run consecutive to the sentence he is currently serving. The sentencing order was filed March 29, and Harris filed a pro se motion for new trial on April 23. This motion was withdrawn by order filed August 5.

A request to withdraw as counsel because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*. In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787. Pursuant to *Anders*, *supra*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

Here, counsel fails to list several adverse rulings and explain why they do not provide a meritorious ground for reversal. The first witness called by the State at Harris's jury trial was Sergeant Neal Thomas, who testified that he had collected the evidence from the prison

warden's office and delivered it to the Arkansas State Crime Laboratory for analysis. When he began to testify that another officer retrieved the evidence from the lab, defense counsel objected, arguing that the testimony was not the best evidence to establish the chain of custody, and the circuit court overruled this objection. Defense counsel failed to include this adverse ruling in his no-merit brief.

Continuing to testify, Thomas identified a submission form he had signed when he delivered the evidence to the crime lab. When the State asked for the submission form to be admitted, defense counsel objected by arguing there was no foundation for its introduction against Harris and that it was leading to the drugs that "they have not identified him as having." The circuit court overruled the objection and stated, "They can call witnesses out of turn." Defense counsel argued that the objection was not in regard to calling witnesses but referred to the State's introduction of evidence that could not be validated against Harris. The circuit court overruled the objection, and the form was admitted. In his no-merit brief, counsel argues that there was no error in overruling the objections to calling witnesses out of order. Because the no-merit argument contradicts the argument made below and fails to distinguish the separate objections made at trial, we consider this an adverse ruling not addressed by counsel.

Counsel also fails to address the objection made by defense counsel to a conversation between the prosecutor and Sergeant Thomas as he was leaving the witness stand. Later during the trial, the State moved to introduce exhibits 1, 2, and 3, and defense counsel objected, arguing lack of a proper foundation. The circuit court overruled the objection. Defense counsel stated, "I'm going to object on that based on the fact that now we seem to

3

have a constructive possession case and they haven't made their foundation for Mr. Mack Harris." The circuit court overruled the objection. These adverse rulings were not specifically addressed.

Jeff Keisler, the prison guard, testified that he had found Harris cutting drugs on a mirror held on his lap. Defense counsel objected as to the characterization of "drugs" because it had not been established what the items were, and he asked the court to admonish the jury. The circuit court sustained the objection but declined to admonish the jury. Defense counsel failed to address the circuit court's decision not to admonish the jury.

After the jury found Harris guilty, the circuit court ordered that his sentence should be served consecutive to the term he was currently serving. This issue was not addressed by defense counsel. *See Crippen v. State*, 2018 Ark. App. 35. Finally, Harris's motion for new trial would have been deemed denied on May 23, which is two months before it was withdrawn. Ark. R. Crim. P. 33.3(c) (2019). None of the issues in that motion were mentioned in the no-merit brief. Because the motion was deemed denied, counsel should have addressed it in his no-merit brief as an adverse ruling.

A defendant convicted of a Class C felony shall be sentenced to not less than three years nor more than ten years. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2013). Harris's fifteen-year sentence pursuant to his conviction for possession of less than two grams of methamphetamine is premised on his habitual–offender status. The sentencing order does not reflect that he was sentenced as a habitual offender, rendering the sentence of 180 months reflected on the sentencing order illegal on its face. The circuit court is hereby

4

instructed to correct the sentencing order to conform to the jury's determination of Harris's habitual-offender status.  *See Carter v. State*, 2019 Ark. App. 57, 568 S.W.3d 788.

Further, we order counsel to file a supplemental record containing a corrected sentencing order within thirty days from this opinion.  *See Hurte v. State*, 2020 Ark. App. 7. Counsel is ordered to file a substituted abstract, brief, and addendum within fifteen days thereafter. The deficiencies noted above should not be taken as an exhaustive list, and we encourage counsel to review the requirements contained in Rule 4–3(k)(1) prior to filing a substituted brief. We express no opinion as to whether the substituted appeal should address the merits or should be made pursuant to Rule 4–3(k)(1).  If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk to Harris so that, within thirty days, he will again have the opportunity to raise any points he chooses in accordance with Arkansas Supreme Court Rule 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a brief in response.

Remanded to correct sentencing order; rebriefing ordered; and motion to withdraw denied without prejudice.

HARRISON and HIXSON, JJ., agree.

*Gregory Crain*, for appellant.

One brief only.