Cite as 2020 Ark. App. 363

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–19–137

|  |  |
|---|---|
| | **OPINION DELIVERED:** SEPTEMBER 2, 2020 |
| JOSHUA ERIC HURTE | |
| APPELLANT | APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 11PCR–17–30] |
| V. | |
| | HONORABLE  BRENT DAVIS, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Judge

Joshua Eric Hurte was sentenced to three years' imprisonment and an additional three years' suspended imposition of sentence by the Clay County Circuit Court after the court revoked his probation imposed for terroristic threatening and criminal mischief. Hurte filed a timely notice of appeal, and his counsel filed a motion to withdraw and a no-merit brief based on *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals. Counsel asserts that there is no issue of arguable merit for an appeal. Hurte was notified by certified mail of his counsel's motion and advised that he had thirty days to submit any points for reversal. Hurte did not file pro se points for reversal; thus, the State filed no responsive pleading.[1] We grant the motion to withdraw and affirm the revocation.

---

[1]This court originally ordered that the record be supplemented and the no-merit appeal be rebriefed due to noncompliance with our rules for no-merit cases. *See Hurte v. State*, 2020 Ark. App. 7. Counsel renewed his motion to withdraw, and Hurte was again notified by

On March 16, 2017, Hurte was charged with first-degree terroristic threatening, third-degree battery, first-degree criminal mischief, and first-degree false imprisonment. Pursuant to a negotiated plea, the false-imprisonment and battery charges were nolle prossed, and he pled guilty to the terroristic-threatening and criminal-mischief charges. He was sentenced on July 17, 2017, to sixty months' probation with the conditions that he must not (1) commit a criminal offense punishable by imprisonment; (2) drink or possess alcoholic beverages; (3) use, sell, distribute, or possess any controlled substance or associate with any person who does; (4) associate with felons; or (5) own or possess any firearm. He was also ordered to report as directed to his supervising officer and to be gainfully employed or be enrolled as a student, among other things. He was ordered to pay a probation fee of $35 a month and a $50 monthly payment for costs, fines, and fees.

The State filed a petition to revoke on July 2, 2018, alleging that Hurte had violated the probation conditions by, among other allegations, (1) failing to pay his fines and costs; (2) being delinquent on his supervision-fee payments; (3) failing to report on August 16, 2017; (4) testing positive for methamphetamine on September 27, 2017; (5) confessing on January 23, 2018, to THC use; and (6) associating with Charles Lucas, who was a felon.

At the August 6, 2018 revocation hearing, Justin Barnes testified that he is Hurte's probation supervisor and that he had informed Hurte of his reporting dates. He said that Hurte did not report on August 16, 2017, and that Hurte had tested positive for methamphetamine on September 27. He said that Hurte had been in a car wreck with Charles Lucas, a convicted felon and a level-three sex offender, and that Lucas was killed in the accident. Hurte also failed

___

certified mail and given thirty days to submit points for reversal. Hurte did not file pro se points.

2

to report on December 20, and he signed a confession form on January 23, 2018, admitting he had used THC. Barnes said that Hurte appeared to be under the influence of methamphetamine at the time and claimed that he could not urinate. Barnes said that he arranged for a drug assessment on February 26, and Hurte did not report on that date. Barnes learned that Hurte had been in another car accident and was hospitalized in Memphis, but Hurte could not be reached. On April 26, Hurte was considered an absconder. Barnes said that Hurte reported on May 16 and tested positive for THC, which Hurte denied using. Hurte failed to report to his next office visit in June, and he was apprehended on July 9. As of the date of the hearing, Barnes said that Hurte owed $1,300 to the Clay County Sheriff's Office and had made no payments.

Hurte testified that the positive methamphetamine drug screen was inaccurate because he had been taking medication for his stomach at the time. He also said that he smoked weed after he had witnessed his best friend, Charles Lucas, die in a car accident. He claimed that he was unaware of Lucas's criminal history. Hurte said that the accident was on October 6, 2017, and he had been injured and remained in the hospital for three months thereafter. He said that he was unaware of any balance owed for fines, and he said he should not have to pay any restitution. He said that he was on disability and stated that his fines and fees should be waived.

The circuit court found by a preponderance of the evidence that Hurte had violated the condition not to associate with convicted felons. Hurte was in the company of Charles Lucas, a convicted felon, whom Hurte described as his best friend and whom he had known for three years. The court found Hurte's statement that he did not know of Lucas's criminal record to be implausible. The court also found that Hurte had failed to report on August 16, 2017, June 13, 2018, and June 22, 2018, all in violation of the terms and conditions of his probation. The

3

circuit court found that Hurte had tested positive for controlled substances, that he had failed to make any payments toward his costs, fines, and fees owed to the county, and that he was in arrears on his obligation to pay supervision fees. The circuit court revoked Hurte's probationary sentences and sentenced him to thirty-six months' imprisonment in the Arkansas Department of Correction and thirty-six months' suspended imposition of sentence. Hurte filed a timely notice of appeal, and his counsel filed a motion to withdraw. This no-merit appeal followed.

On appeal of a revocation, we review whether the circuit court's findings are clearly against the preponderance of the evidence. *Vail v. State*, 2019 Ark. App. 238. To revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. *Id*. Because the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id*. Proof of just one violation of the probation terms and conditions is sufficient to support revocation. *Id*.

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*. In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Brown v. State*, 2018 Ark. App. 367, 553 S.W.3d 787. Pursuant to *Anders*, *supra*, we are required to determine whether the case is wholly

4

frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

We agree with counsel's claim that there are no nonfrivolous issues that would support an appeal in this case. There were no objections raised during the hearing, and the only issue is whether the evidence presented was sufficient for revocation. We hold that the circuit court's revocation is not clearly against the preponderance of evidence.

Hurte has no arguable claim because he admitted what the probation officer testified to—Hurte had not reported as directed and he had smoked marijuana. Hurte also said that he associated with a felon. Because determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002).

In this case, we find compliance with Rule 4–3(k)(1) and *Anders*, *supra*, and hold that there is no merit to this appeal. Accordingly, we affirm the conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

SWITZER and VAUGHT, JJ., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, Clay County Deputy Public Defender, for appellant.

One brief only.